86 F.3d 1176
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lazaro E. PINEDA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 96-3156.
 United States Court of Appeals, Federal Circuit.
 May 10, 1996.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 RICH, Circuit Judge.
 
 ORDER
 
 1
 On March 21, 1996, we directed Lazaro E. Pineda to respond within 30 days to the issue of whether his petition for review should be dismissed as frivolous. Pineda opposes. The Office of Personnal Management submits a response.
 
 
 2
 In our March 21, 1996 order, we questioned whether Pineda's petition for review was frivolous because his sole argument was that Rosete v. Office of Personnel Management, 48 F.3d 514 (Fed.Cir.1995), was wrongly decided. We noted that this court has denied suggestions for rehearing in banc in Rosete and in at least forty-one other cases in which the petitioner argued that Rosete was wrongly decided.* We instructed Pineda that any further attempts to argue the merits of Rosete could be deemed an abuse of the judicial process.
 
 
 3
 In his response, Pineda contends that his case is not frivolous because it presents issues and arguments that differ from those addressed in Rosete. However, Pineda argues only that this court erred in Rosete by upholding the validity of the Office of Personnel Management's regulation interpreting "temporary" as including indefinite appointments. See Rosete, 48 F.3d at 519. Because Pineda's case does not present any legal issues or fact patterns distinguishable from those presented and decided in Rosete and numerous other cases, we conclude that Pineda's petition for review is frivolous and must be dismissed. Further, we conclude that Pineda's persistent challenge to the correctness of Rosete is an abuse of the judicial process. If Pineda files another document with this court and, upon review, it is determined that his arguments are frivolous, this court will consider the imposition of monetary sanctions.
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) Pineda's petition for review is dismissed.
 
 
 6
 (2) If Pineda files another document with this court and, upon review, it is determined that his arguments are frivolous, this court will consider the imposition of monetary sanctions.
 
 
 7
 (3) Each side shall bear its own costs.
 
 
 
 *
 In most if not all of those cases, it appears that the petitioners received guidance from Rizalino Cayle, their representative before the Merit Systems Protection Board. Cayle was also Pineda's representative before the Board